UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-40152-RGS

WALTER HIMMELREICH,
Petitioner

v.

WARDEN, FMC DEVENS
Respondent

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR RECONSIDERATION

January 7, 2020

STEARNS, D.J.

The motion for reconsideration is <u>DENIED</u>.[1] Petitioner, Walter Himmelreich, has succumbed to the common confusion of the doctrine of legal innocence with that of factual innocence. The difference is not, as Himmelreich would have it, a mere "technical issue," but one that is fundamental to a correct understanding of habeas corpus law. As the Supreme Court explained in *Bousley v. United States*, 523 U.S. 614, 623-624 (1998), "[t]o establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror

---

[1] The motion is styled as a Motion to Alter or Amend Judgment.

would have convicted him' . . . [and] that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* (internal citations omitted). *See also Wooten v. Cauley*, 677 F.3d 303, 307-308 (6th Cir. 2012). As the court previously explained, the First Circuit is firmly of the view that the Savings Clause to section 2255 may be properly invoked only in instances where a prisoner is claiming actual innocence, either factual or because a subsequent reinterpretation of law would have precluded the original finding of guilt, or where the prisoner was denied an unobstructed procedural opportunity to press his claim of innocence, none of which apply in Himmelreich's case. *See United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) (noting with respect the intent of Congress "to streamline collateral review" and applying the *Bousley* limitation to petitions invoking the Savings Clause).[2]

                      SO ORDERED.

                      /s/ Richard G. Stearns
                      UNITED STATES DISTRICT JUDGE

---

[2] In any event, Himmelreich is mistaken in his claim of legal innocence, namely that "the District Court at his Sentencing never found a specific date" on which petitioner's crime occurred. The exact date of an offense is not an essential element of federal crimes in general nor of the crime of which petitioner was convicted. *See, e.g., United States v. Escobar-De Jesus*, 187 F.3d 148, 168 (1st Cir. 1999).